UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-23844-SEITZ/SIMONTON

PETER LIK MIAMI, INC., a Nevada
Corporation,

v.

COMCO, LLC, a Florida Limited Liability
Company; FOREVER 21 RETAIL, INC., a
California Corporation; and FASTRACK
BUILDERS, INC., a Florida Corporation,

Defendants.
_____/

## SECOND AMENDED AGREED ORDER

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion for Preliminary Injunction [D.E. 4], and the Court having heard evidence and been advised of a resolution among the parties concerning Plaintiff's Emergency Motion for Preliminary Injunction, the essential terms of which are as follows, and adopted by this Court to supercede the Order entered by this Court on March 5, 2012 [D.E. #36]:

(1) Plaintiff Peter Lik Miami, Inc. ("PL") and Defendants Comco, LLC ("Comco"), Forever 21 Retail, Inc. ("Forever 21") and Fastrack Builders, Inc. ("Fastrack") have entered into this resolution concerning Plaintiff's Emergency Motion for Preliminary Injunction for the sole purpose of facilitating PL's move from its leased premises at 701 Lincoln Road, Miami Beach, FL 33139 ("the 701 Space") to a temporary location during renovation work at 701 Lincoln Road.

(2) PL, Comco, Forever 21 and Fastrack (the "Parties") expressly acknowledge that this resolution is limited to the issues relating to Plaintiff's Emergency Motion for

Preliminary Injunction and is without any admission of liability by Comco, Forever 21 or Fastrack as to the claims that have been asserted or may be asserted by PL in this action arising from the renovation work at 701 Lincoln Road or otherwise and that the Parties reserve all of their rights, claims, counterclaims, crossclaims, third party claims, and defenses, including, without limitation, any rights and defenses for contribution, apportionment and/or indemnification from each other and/or third parties.

(3) PL will lease the space at 841 Lincoln Road, Miami Beach, FL 33139 (the "841 Space") with a term beginning on November 17, 2011 and ending on July 31, 2012. Because of the obligations of the landlord at the 841 Space, PL shall vacate the 841 Space no later than July 31, 2012. This Court will enter an order, notwithstanding any notice requirement pursuant to Chapter 83, Florida Statutes, requiring the immediate removal of PL if it has not completely vacated the 841 Space by 5:00 p.m. on July 31, 2012.

(4) During the term of PL's occupancy of the 841 Space, PL's liability for rent in the 841 Space will not exceed the rent that PL is currently paying at the 701 Space. Forever 21 will pay any rent in excess of rent currently paid by PL at the 701 Space.

(5) In the event PL may occupy, subject to PL's right to quiet enjoyment, the 701 Space prior to July 31, 2012, PL, not Forever 21, will be responsible for any rental payments owing to the landlord of the 841 Space for any unused portion of the rental payments after PL is able to occupy the 701 Space, subject to the limitations in paragraph (4). By way of example, if the 701 Space is ready for occupancy by June 15, 2012, then PL will be responsible for half of the June, 2012 rent and the July, 2012 rent of the 841 Space. "Ready for occupancy" has the same meaning as in paragraph (11) and further shall mean that PL may occupy and quietly enjoy the 701 Space.

(6) During the term of PL's occupancy of the 841 Space, any allowable rent increases (and the timing for the calculation of those increases) that may be applied to the lease of the 701 Space (the "701 Lease") will be abated.

(7) Subject to the consent of Comco's lender, the number of complete months that PL occupies the 841 Space will be added to the first term of the 701 Lease. For example, if the first term of the 701 Lease is projected to expire on March 31, 2020, and PL occupies the 841 Space for three months, the initial term of the 701 Lease will end on June 30, 2020.

(8) Forever 21 will contribute up to $150,000 toward the cost of the build-out of the 841 Space, and PL will be responsible for any fees and costs in excess of $150,000, with the understanding that PL will be judicious with the funds to be paid by Forever 21 as if they were PL's funds. The build-out work for the 841 Space will be performed by a contractor selected by PL.

(9) Any items from the 701 Space that PL wishes to take to the 841 Space will be remediated for mold, if necessary, by a mold remediation company as agreed by the parties and stored by PL until the build-out of the 841 Space is complete. Payments for all reasonable costs associated with this remediation and storage will be made by Forever 21, exclusive of the $150,000 referenced above.

(10) The 701 Space will be remediated and built-out according to "Peter Lik standards," which means in a manner consistent with the existing gallery at the 701 Space as it appeared prior construction undertaken by Fastrack, subject to any modifications that may be agreed to by the Parties, the original build-out for which PL has represented cost approximately $667,000.00. All payments for the reasonable costs associated with

the 701 Space build-out will be made by Forever 21, with the understanding that PL will be judicious with the costs to be paid by Forever 21 as if they were to be paid by PL. All unique materials, such as flooring, will be sourced by PL and paid for by Forever 21. The remediation, demolition and build-out work for the 701 Space will be performed by Fastrack and its subcontractors. Fastrack will be immediately contracted by Forever 21 per change order as determined by Fastrack and Forever 21.

(11)    Forever 21 will employ its best efforts to make the 701 Space ready for occupancy, with the build-out completed, on or before July 31, 2012, subject to occurrences beyond the control of Forever 21 or the persons or entities performing the build-out work, including, but not limited to, weather events, natural disasters, and other Acts of God, as well as permitting requirements, strikes, labor or material shortages, or the failure of materialmen, suppliers, or subcontractors to perform their obligations as engaged or contracted. In the event the 701 Space is ready for occupancy before July 31, 2012, PL may, but is not required to, move into the space at that time, subject to the terms of paragraph 5. In the event the 701 Space is not ready for occupancy by PL on July 31, 2012, Forever 21 will pay to PL liquidated damages in the agreed upon amount of $7,500.00 for each day that PL is unable to occupy the 701 Space. Such liquidated damages will satisfy any potential claim for lost profits by PL as a result of being unable to occupy and operate in the 701 Space beginning on July 31, 2012. Nothing herein shall limit PL's ability to claim lost profits in excess of this amount in its case in chief for time periods in which the liquidated damages do not apply. "Ready for occupancy" means that the 701 Space will have full mold remediation as necessary, new flooring, new lighting, new drywall as necessary, paint and a new bathroom. Moreover, Defendants

have represented to PL that they will employ best efforts to have the 701 Space ready for occupancy on or before July 31, 2012 which also means that that it will be appropriately sealed from the weather to keep materials that could be harmed by the elements from getting wet. Such best efforts to "dry in" the 701 Space shall be subject to occurrences beyond the Defendants' control, including, but not limited to, weather events, natural disasters, and other Acts of God, as well as permitting requirements, strikes, labor or material shortages, or the failure of materialmen, suppliers, or subcontractors to perform their obligations as engaged or contracted. PL's furniture and other personal property from the 701 Space will be remediated for mold or water damage as necessary and the charges for such remediation will be paid by Forever 21.

(12)    The build-out of the 841 Space will be overseen and controlled by PL. All invoices for the build-outs of the 701 and 841 Spaces will be submitted to Forever 21 and will be timely paid so as to effectuate a prompt build-out of each space as set forth in this Order.

(13)    Forever 21 will pay up to $5,000 for banner signage to be added to the scaffolding currently outside the 701 Space informing the public of PL's temporary move to the 841 Space. PL will be responsible for any and all approvals, permits or other requirements for the signage imposed by any local or municipal authority.

(14)    Rent, CAMs and all other charges under the 701 Lease for the 701 Space will be abated during the period in which PL does not occupy the 701 Space.

(15)    The November 2011 rent for the 701 Space, which has already been paid by PL, will be applied to the first month of occupancy in the 841 Space.

(16)    The parties will mediate this case as to the issues of any and all claims among and between them, on or shortly after September 15, 2012. The parties will together select a mediator. Any and all third-party defendants joined in this action prior to the date of the mediation shall participate in the mediation, and potential third parties not joined in this action prior to the date of the mediation may participate in the mediation at their election if a majority of the parties to this action consent to their participation.

(17)    The Parties expressly reserve all of their rights, claims, counterclaims, crossclaims, third-party claims, and defenses in this action.

(18)    PL will act in good faith as to the build-out of the 841 Space and the 701 Space so as to not unnecessarily increase the cost of the remediation and build-outs.

(19)    Neither the negotiation of nor consent to this Agreed Order, nor any other agreement, payment, act, omission, or occurrence relevant to this Agreed Order or to this dispute, is intended to be, nor should be deemed or construed as, an admission or concession of any liability, fault, or damages whatsoever by any Party to this action. Defendants, jointly and severally, in fact expressly deny any liability, fault, or damages with regard to Plaintiff, to each other, or otherwise.

(20)    As noted in the Minute Entry for proceedings held before this Court [D.E. 29], Plaintiff's Emergency Motion for Preliminary Injunction [D.E. 4] is denied as moot and this case is administratively closed until any party files a notice to reopen the case.

It is **ORDERED AND ADJUDGED** that this Court will retain jurisdiction of this case to enforce the terms set out above.

**DONE AND ORDERED** in chambers at Miami, Miami-Dade County, Florida this 2nd day of May, 2012.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record